OPINION
Appellant, Steven J. Henderson Sr., appeals his convictions entered by the Warren Municipal Court on charges of domestic violence in violation of R.C. 2919.25, obstructing official business in violation of Warren City Ordinance 525.07 and menacing in violation of Warren City Ordinance 537.06. Appellee, the State of Ohio, has filed an answer brief. For the reasons that follow, we affirm the judgment of the trial court.
The following facts were gleaned from the record of appellant's bench trial. On January 3, 1998, Harold and Caroline Evans went to visit their granddaughter, the alleged victim of domestic violence in this case, Shelly Dermer ("Dermer"). On that day, Dermer asked her grandparents to buy some pizza and pop for her. They complied. When the grandparents returned, they honked their car horn to notify Dermer of their arrival. Dermer never came out. Instead, her live-in boyfriend, appellant, came to the door. According to the grandmother's testimony, appellant threatened: "You better get away from here or I'll break every bone in your body."
Suspecting that there was a problem inside the house, the grandparents called the police. When the police arrived, appellant answered the door and told the police repeatedly that Dermer was not inside. Eventually, appellant allowed the police officers to search the home. Inside, the officers found Dermer in an upstairs bedroom. She was badly beaten in the face.
When the police found Dermer, she first refused to answer questions about her injuries. Then she told the officers that she was assaulted in an alley near her house while walking to a convenient store to buy cigarettes. When asked to describe her assailants, Dermer did not respond.
At trial, however, Dermer was able gave a vague description of the person she claimed assaulted her. Dermer also testified that she did not want to go to the hospital for medical treatment, indicating "I was so upset, all I wanted to do was take a bath and forget that anything had ever happened to me." She also testified that she was concerned her grandparents would come to the house and call the police if no one was home or if they saw her injuries. She testified that her family was hostile to appellant because he was African-American and she was white and they did not approve of their inter-racial relationship.
Dermer stated that she told appellant to answer the door but not to let her grandparents in the house because "they cannot see me like this." Dermer made no attempt to get medical attention or to notify the police of the alleged assault in the alley, despite the fact that she claimed to have been assaulted "a while" before the police arrived.
The officers also noticed that another upstairs bedroom was in complete disarray. At least one officer noted that the bed in this room was overturned and that there appeared to be blood marks on the bed. Testimony from the police officers also established that appellant's fingers were bleeding and his fists were swollen. The officers also noted that appellant had a drop of blood on his slipper. Notably, no blood was found outside the residence.
Appellant was arrested and Dermer was taken to the hospital where she received treatment for her injuries. She received approximately twenty stitches in her face and later underwent reconstructive surgery for a fracture of her eye floor wall.
At trial, Dermer denied that appellant assaulted her and continued to assert that she was assaulted by at least one unknown female in the alley. The trial court found appellant guilty on all three charges and sentenced him accordingly. Appellant perfected a timely appeal, asserting two assignments of error:[1]
 "[1.] THE TRIAL COURT ERRED, TO THE PREJUDICE OF APPELLANT, BY ADMITTING MEDICAL RECORDS INTO EVIDENCE WHICH CONTAINED HEARSAY STATEMENTS AND WHICH WERE NOT SUBJECT TO ANY EXCEPTION TO THE HEARSAY RULE.
 "[2.] THE APPELLANT'S CONVICTIONS FOR DOMESTICE VIOLENCE AND MENACING WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Initially, we note that appellant has not presented any argumentation to suggest that his conviction on the charge of obstructing official business was improper. As a result, we will not delve into the same.
In the first assignment of error, appellant complains that the trial court erred by admitting medical records from the hospital where Dermer was first treated for her injuries. These medical records indicate that Dermer told medical personnel at the hospital that appellant assaulted her, rather than the unknown assailant in the alley.
According to appellant, this was reversible error on the domestic violence charge because the records do not clearly indicate that Dermer, rather than some other person, made the identification statements to the medical personnel pursuant to Evid.R. 803(4).[2]
Appellant also argues that the records were similarly inadmissible pursuant to Evid.R. 803(6), which allows for the admission of records of regularly conducted activity regardless of whether the declarant was available, because they contained inadmissible hearsay. Appellee argues that appellant waived the right to raise these matters for the first time on appeal since he failed to lodge a timely objection on these grounds below.
Appellant first objected to the admission of the medical records on the grounds that they were irrelevant and/or prejudicial at the time the prosecution moved to admit the records. Although the basis for the trial court's decision is unclear, the trial court overruled the objection at that time and admitted the records. Only later, when the prosecutor was making closing arguments, did appellant raise the instant objection.[3] The trial court never expressly ruled on the objection.
We do not agree with appellee that appellant has waived the right to challenge the admission of the medical records into evidence on appeal. This was a bench trial and a general objection on the right basis, even if untimely, would be sufficient to put the trial court on notice of the complained of error. Thus, we find no waiver.
In addressing this assignment, we note that Dermer's hearsay statements fall under the general rule that a victim's statements to medical personnel identifying a perpetrator are not properly admitted as statements made in the furtherance of medical treatment or diagnosis within the meaning of Evid.R. 803(4).State v. Zembower (Mar. 27, 1998), Lake App. No. 96-L-184, unreported, 1998 Ohio App. LEXIS 1274. Redaction of the offensive portions may resolve the above problem in some instances.
Absent some evidence that the identity of the perpetrator is necessary for medical purposes, statements identifying an assailant are not properly admitted pursuant to Evid.R. 803(4). By the same token, Dermer's hearsay statements in the medical records could not come in under the business records exception in Evid.R. 803(6) unless they had an independent basis for their admission. See Staff Notes to Evid.R. 803(6). Here, no such independent basis existed. Thus, the admission of such records would be error.
Nevertheless, there is nothing in the record which confirms that the trial court relied on the contested hearsay statements contained within the medical records in rendering its decision. A second objection was made which generally referenced Evid.R. 803(4) and the trial court did not rule on the objection. Absent some showing to the contrary, a reviewing court will presume that the trial court considered only properly admitted evidence when it acts as the trier of fact in a bench trial. Columbus v. Guthmann
(1963), 175 Ohio St. 282, paragraph three of the syllabus; Nilesv. Smith (Dec. 10, 1983), Trumbull App. No. 93-T-4874, unreported, 1993 Ohio App. LEXIS 5874. This is particularly true in the instant matter as the trial court never indicated what position it took on the objection made during closing arguments.
Moreover, as will be discussed, the remaining circumstantial evidence and the reasonable inferences to be drawn from that evidence established overwhelming proof of appellant's guilt beyond a reasonable doubt on the domestic violence charge. Statev. Williams (1988), 38 Ohio St.3d 346, 349. Appellant's first assignment of error is without merit.
In the second assignment of error, appellant contends that his convictions on the domestic violence and menacing charges were against the manifest weight of the evidence. This case presents the scenario that seems to occur exclusively in domestic violence situations. There is, on the one side, a recalcitrant victim denying the assault, and, on the other side, circumstantial evidence confirming the assault. We find no prohibition that prevents the trier of fact from disbelieving such direct, but incredible, testimony in favor of the reasonable inferences to be drawn from the more credible circumstantial evidence.
In considering a claim that a conviction is against the manifest weight of the evidence, the appellate court considers the inclination of the greater amount of credible evidence, offered at trial, to support one side rather than the other. So long as the greater amount of credible evidence sustains the issue that is to be established, the appellate court will not reverse the decision of the trial court on a manifest weight challenge. See State v.Thompkins (1997), 78 Ohio St.3d 380, 387.
Turning first to the menacing charge, the state was required to prove that appellant knowingly caused Dermer's grandmother to believe that he would cause physical harm to her or her property. Warren City Ordinance 537.06. In the case at bar, the grandmother testified that appellant threatened to break every bone in her body when she and her husband returned to the house to see their granddaughter. The grandmother also testified that appellant appeared to be intoxicated and that she was afraid of him. Although the grandfather did not specifically corroborate his wife's testimony, he was never specifically asked about hearing the threat. Thus, his testimony did not refute his wife's.
While Dermer testified that appellant did not threaten her grandparents, her credibility was questionable as to almost all of the events of that day. Certainly, the manifest weight of the evidence supports the trial court's finding that appellant was guilty of menacing as charged.
The manifest weight of the evidence also supported appellant's conviction on the domestic violence charge. In this regard, the state was required to prove that appellant knowingly caused or attempted to cause physical harm to a family or household member. R.C. 2919.25(A). Here, the trial court obviously found that Dermer was not a very credible witness and that she lied about the true cause of her injuries in order to protect appellant. The evidence and the inferences to be drawn from the evidence supported such a finding. Dermer's story of the alleged unknown assailant was simply unbelievable as well as contradictory.
Moreover, the physical and circumstantial evidence and the reasonable inferences to be drawn from that evidence revealed that appellant was responsible for the attack. The police noted fresh blood in an upstairs bedroom in disarray, suggesting a recent assault. The police also noted that appellant's hands were bleeding and swollen as if he had been punching something or someone. They also noted that appellant had blood on his slipper. Appellant also lied to the police when they first arrived by denying that Dermer was in the house. The inclination of credible evidence supported the state's case beyond a reasonable doubt. Appellant's second assignment of error is without merit.
In light of the foregoing analysis, appellant's two assignments of error are without merit. The judgment of the trial court is affirmed.
PRESIDING JUDGE JUDITH A. CHRISTLEY
NADER, J., O'NEILL, J., concur.
[1] Appellant moved both the trial court and this court to stay execution of sentence pending appeal. Both motions were denied.
[2] Evid.R. 803(4) reads, in pertinent part: "The following are not excluded by the hearsay rule, even though the declarant is available as a witness: * * * (4) Statements forpurposes of medical diagnosis or treatment. Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause of external source thereof as reasonably pertinent to diagnosis or treatment."
[3] We note that appellant raised a general objection on the grounds that the identification statements were inadmissible under Evid.R. 803(4) and a particularized objection on the grounds that it was unclear from the medical records whether Dermer herself told medical personnel at the hospital that appellant beat her. As will be discussed, however, the main problem with the statements is that identification statements are generally not admissible pursuant to Evid.R. 803(4). Nevertheless, appellant's general objection that the statements were inadmissible under Evid.R. 803(4) sufficed to preserve the issue for appellate review.